UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CASSADAY,

      Plaintiff,                        Hon. Paul L. Maloney

v.                                             Case No. 1:21-CV-720

GOVERNMENT CONSULTANT
SERVICES INC.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action August 19, 2021, against Government Consultant Services Inc. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

**ANALYSIS**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

1

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges that on June 8, 2020, he sent Defendant a "cease [and] desist." (ECF No. 1, PageID.4). Plaintiff further alleges that on July 28, 2020, an unidentified law enforcement official informed Plaintiff that if he contacted the Hawks again he would be sued. (*Id.*). Plaintiff has failed to allege facts supporting any

2

theory of recovery against Defendant. Because Plaintiff has failed to allege any facts which, if accepted as true, would entitle him to relief, his complaint must be dismissed.

The present action is simply one of seventeen frivolous actions Plaintiff filed in this Court on August 19, 2021.[1] As detailed in separate Report and Recommendations, the undersigned recommends that these other actions all be dismissed for failure to state a claim. Plaintiff's conduct constitutes an abuse of the privilege of proceeding *in forma pauperis* and has taxed the Court's already limited time and resources. Considering Plaintiff's conduct, the undersigned further recommends that the Court issue an Order barring Plaintiff from proceeding *in forma pauperis* in any future proceedings in this Court. *See, e.g., Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998) (proceeding in forma pauperis is a privilege and not a right); *Hopson v. Secret Serv.*, 2013 WL 1092915, at *3 (W.D. Ky. Mar. 15, 2013) ("Given Mr. Hopson's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court."); *Curry v. Trump*, 2020 WL 1940844, at *1–2 (N.D. Ohio Apr. 22, 2020) (barring the plaintiff from filing additional lawsuits in forma pauperis).

---

[1] The cases in question are designated with the case numbers 1:21-cv-708 and 1:21-cv-710 through 1:21-cv-725.

3

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint, (ECF No. 1), be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith. Finally, the undersigned recommends that Plaintiff be prohibited from proceeding *in forma pauperis* in any future proceedings in this Court.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: August 26, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge